| | |
|---|---|
| 1 | JUSTIN THOMAS ALLEN (SB# 238195)<br>justinthomasallenesquire@yahoo.com |
| 2 | LAW OFFICES OF ALLEN & MARLES, APLC<br>601 East Main Street |
| 3 | Turlock, CA  95380<br>Telephone:  (209) 656-6705 |
| 4 | Facsimile:  (209) 656-6757 |
| 5 | Attorneys for Plaintiff<br>BLAKE SMITH |
| 6 | |
| 7 | J. AL LATHAM, JR. (SB# 071605)<br>allatham@paulhastings.com |
| 8 | CHRISTOPHER M. BISSONNETTE (SB# 222697)<br>christopherbissonnette@paulhastings.com |
| 9 | PAUL, HASTINGS, JANOFSKY & WALKER LLP<br>515 South Flower Street |
| 10 | Twenty-Fifth Floor<br>Los Angeles, CA  90071-2228 |
| 11 | Telephone:  (213) 683-6000<br>Facsimile:  (213) 627-0705 |
| 12 | |
| 13 | Attorneys for Defendants<br>PACIFIC BELL TELEPHONE COMPANY, |
| 14 | AT&T COMMUNICATIONS OF CALIFORNIA, INC., SBC<br>TELECOM, INC., SHANE SPENCER AND ALAN BROWN |
| 15 | [Additional Attorneys on next page] |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLAKE SMITH,<br><br>          Plaintiff,<br><br>     vs.<br><br>PACIFIC BELL TELEPHONE COMPANY, INC., AT&T COMMUNICATIONS OF CALIFORNIA, INC., SBC TELECOM, INC., COMMUNICATIONS WORKERS OF AMERICA LOCAL 9333 UNION, AFL-CIO, COMMUNICATIONS WORKERS OF AMERICA DISTRICT 9 UNION AFL-CIO, SHANE SPENCER, an individual, ALAN BROWN, an individual and DOES 1-100,<br><br>          Defendants. | CASE NO. 1:06-CV-01756-OWW-LJO<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**<br><br>Judge:      Honorable Oliver W. Wanger<br>Court:      Courtroom 3 |

DAVID A. ROSENFELD (SB# 058163) (courtnotices@unioncounsel.net)

LEGAL_US_W # 57866844.2

STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

1  WEINBERG, ROGER & ROSENFELD
   A Professional Corporation
2  1001 Marina Village Parkway, Suite 200
   Alameda, CA 94501-1091
3  Telephone: (510) 337-1001
   Facsimile: (510) 337-1023
4
5  STEVEN J. JOFFE, (SB# 108419)
   CRAIG C. HUNTER (SB# 71299) (craig.hunter@wilsonelser.com)
   WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
6  555 South Flower Street, Suite 2900
   Los Angeles, CA 90071
7  Telephone: (213) 443-5100
   Facsimile: (213) 443-5101
8
   Attorneys for Defendant
9  COMMUNICATIONS WORKERS OF AMERICA
   DISTRICT 9 UNION AFL-CIO
10
11 THOMAS MICHAEL SHARPE (SB# 69697) (mnbennettlaw@sbcglobal.net)
   BENNETT & SHARPE, INC.
12 2444 Main Street, Suite 110
   Fresno, CA 93721
13 Telephone: (559) 0120
   Facsimile: ((559) 485-5823)
14
   Attorneys for Defendant
15 COMMUNICATIONS WORKERS OF AMERICA
   LOCAL 9333 UNION AFL-CIO

16

17

18

19

20

21

22

23

24

25

26

27

28

IT IS HEREBY STIPULATED by the Parties through their respective counsel that, in order to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure, the following Protective Order be entered by the Court. This Order shall remain in effect through the conclusion of the litigation between the parties and completion of obligations defined herein.

In support of this Order, this Court finds that:

Documents, things, materials or information containing confidential (such as private customer and employee names and/or addresses) or proprietary technical, scientific or business information and/or trade secrets ("Confidential Information") that bear on the parties' claims or defenses have been requested and are likely to be disclosed or produced during the course of discovery in this litigation;

The parties to this litigation assert that public dissemination and disclosure of Confidential Information could injure non-parties and/or the party disclosing or producing the Confidential Information by exposing it to privacy or other claims;

Counsel for the party receiving Confidential Information is presently without sufficient information to accept the representation(s) made by the party disclosing or producing Confidential Information as to the confidential, proprietary, and/or trade secret nature of such Confidential Information; and

To protect the respective interests of the parties and affected non-parties, such as Defendants' customers and employees, and to facilitate the progress of disclosure and discovery in this litigation, the following Order should issue:

IT IS THEREFORE ORDERED THAT:

PDF created with pdfFactory trial version www.pdffactory.com

1. Documents or discovery responses containing Confidential Information produced by a party to this litigation are referred to herein as "Protected Documents." Except as otherwise indicated below, all documents or discovery responses designated by the disclosing or producing party as "CONFIDENTIAL" which are disclosed or produced to the attorneys for the other party to this litigation shall be Protected Documents and are entitled to confidential treatment as described below. Any party wishing to designate a document as confidential and protected by this Order must stamp the word "CONFIDENTIAL" on the document.

2. Protected Documents designated as "CONFIDENTIAL" may include confidential, customer, employee, business and trade information unknown to the public. The identification of Protected Documents with this designation is referred to herein as "Confidential Designation."

3. Any party that produces documents, things, materials or information in discovery in this litigation may make Confidential Designations on Protected Documents for which the producing party believes in good faith that there is a right to confidential treatment under Fed. R. Civ. P. 26(c). Defendants represent that Confidential Information exists, has been requested, and Defendants have historically maintained such information confidential in the ordinary course of its respective businesses, and will continue to do so.

4. At any time after the delivery of Protected Documents, counsel for the party receiving the Protected Documents may challenge the Confidential Designation of all or any portion thereof by providing written notice thereof to counsel for the party disclosing or producing the Protected Documents. If the parties are unable to agree as to whether the Confidential Designation of all or a portion of the Protected Documents is appropriate, the party receiving the Protected Documents shall certify to the Court that the parties cannot reach an agreement as to the confidential nature of all or a portion of the Protected Documents and submit the issue to the Court. All Protected Documents are entitled to confidential treatment pursuant to

PDF created with pdfFactory trial version www.pdffactory.com

the terms of this Order until and unless the parties formally agree in writing to the contrary or a contrary determination is made by the Court.

5. Protected Documents and any information contained therein shall not be used or revealed, shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for below.

6. Protected Documents designated as "CONFIDENTIAL" and any information contained therein shall be revealed or shown only to the following persons involved in this litigation:

    (a) Counsel of Record for the party receiving Protected Documents or any information contained therein.

    (b) Employees of such counsel (excluding experts and investigators) assigned to and necessary to assist such counsel in the preparation and trial of this litigation;

    (c) Officers, Directors, or employees of Defendants in this lawsuit who are assisting counsel in the prosecution or defense of this litigation;

    (d) Parties to the litigation;

    (e) Any author, recipient (actual or reasonably believed) or producing party of such Protected Documents

    (f) The Court and Court personnel;

    (g) Employees of any professional photocopy service, graphics design service, legal interpreters or translators, or jury consultants (including mock jurors, focus group members, and the like) used by counsel; and

    (h) Any independent expert retained by the receiving party to assist in the preparation for this litigation or to testify at trial, provided that the Protected Documents received or any information contained therein that is revealed or shown to an independent expert pertains to the expected consultation or testimony of such independent expert and the party

PDF created with pdfFactory trial version www.pdffactory.com

receiving Protected Documents complies with Paragraph 10.  The Protected Documents may be shown to secretarial and clerical employees and technical staff associated with and acting under the supervision of such independent expert.

7. Prior to revealing or showing any Protected Documents designated "CONFIDENTIAL" under this Protective Order or any information contained therein to anyone in Paragraph 6, counsel for the receiving party of such Protected Documents shall cause such person to sign a copy of Exhibit A attached hereto and shall serve a copy of Exhibit A on counsel for the other party.  Counsel shall maintain the original of Exhibit A and shall provide a copy thereof to the Court, if required.

8. To the extent that Protected Documents or information contained therein are used in depositions, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony referring to the Protected Documents or information contained therein.  Additionally, the parties may, within thirty (30) calendar days of receipt of the final transcript of a deposition, designate documents, things, materials or information disclosed in that deposition as "CONFIDENTIAL" as the nature of the information involved requires.  If any party designates testimony given at a deposition "CONFIDENTIAL" during the deposition, all persons not qualified to receive such information shall leave the deposition for that portion of the testimony.

9. Any court reporter or transcriber who reports or transcribes testimony in this litigation is hereby admonished that all Protected Documents and information designated as such under this Order shall remain "CONFIDENTIAL" and shall not be disclosed by them, except under the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

LEGAL_US_W # 57866844.2

-5-

STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com

10. Inadvertent or unintentional production of documents, things, materials or information containing Confidential Information which are not designated "CONFIDENTIAL" shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

11. Inadvertent or unintentional production of privileged documents shall not constitute a waiver of the attorney-client privilege or attorney work product doctrine as they apply to those documents specifically or to the subject matter of those documents generally. If a party produces documents that it believes should have been withheld as privileged, such party shall provide a written request for the return of those documents within a reasonable time after having actual knowledge that said documents have been produced. The receiving party must then return those documents, along with any copies thereof, to the producing party within ten (10) calendar days of receiving such notice. The receiving party may challenge the privileged nature of the recalled documents by filing a motion with the Court and requesting an in camera review of the documents in question.

12. Nothing herein is intended in any way to restrict the ability of counsel to use "CONFIDENTIAL" material in examining or cross-examining any employee, future employee, agent, expert or consultant of the producing party, or any person who authored, received or is a named recipient of the "CONFIDENTIAL" material.

13. Whenever any writing, testimony, information or material designated as "CONFIDENTIAL" is used or submitted to the court in conjunction with any filing or proceeding in this litigation, it shall be so marked and shall be filed separately under seal with the Clerk of the Court consistent with the filing procedures for the U.S. District Court for the Eastern District of California.

14. Any receiving party that knows that it intends to present confidential information of another party in oral form at trial, or during any pre- or post-trial hearing, shall

LEGAL_US_W # 57866844.2

-6-

STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com

1  first notify the court and the producing party a reasonable amount of time in advance.  Because of

2  the policy favoring public attendance at judicial proceedings, the parties agree to cooperate on

3  minimizing the presentation of protected information in open court.  The Court does not here

4  determine which, if any, procedures for reducing the presentation of protected information may

5  be suitable.

6

7  15. The Court reserves the power and authority to remove documents and

8  materials from the scope of this Order if it finds documents or materials designated by the parties

9  do not constitute material properly described as protectable by Fed. R. Civ. P. 26(c) or this Order.

10

11  16. In the event any party having possession, custody or control of any

12  Protected Documents receives a subpoena or other process or order to produce such information

13  in another, unrelated legal proceeding, from a non-party to this action, such party shall promptly

14  notify counsel for the producing party of the subpoena or other process or order, such that the

15  producing party may take the necessary steps to quash or otherwise object to the subpoena or

16  other process or order.  The party receiving the subpoena or other process or order shall be

17  entitled to comply with it except to the extent the producing party has promptly notified the party

18  receiving the subpoena or other process or order of its intent to take immediate legal action to

19  quash or otherwise object to the subpoena or other process or order, in which case the party will

20  not produce such Protected Documents while such legal proceeding are pending.

21

22  17. After termination of the litigation between the parties, the provisions of this

23  Order shall continue to be binding, except with respect to those documents and information that

24  become a matter of public record.  This Court retains and shall have continuing jurisdiction over

25  the parties and recipients of the Protected Documents for enforcement of the provisions of this

26  Order following termination of the litigation between the parties.

27

28

LEGAL_US_W # 57866844.2

-7-

STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com

18. Within 30 days of termination of this litigation, counsel for the party receiving Protected Documents shall return or destroy all originals and copies of Protected Documents unless otherwise ordered by the Court. Each party shall certify in writing to the other party that Protected Documents have been returned to the producing or providing party and all work product abstracts or summaries containing or referring to confidential documents or information have been destroyed, as appropriate under this section. The party receiving Protected Documents shall not use such Protected Documents or any information contained therein for any purpose whatsoever other than this litigation between the parties.

19. This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

IT IS SO ORDERED:

January 31, 2008

/s/ OLIVER W. WANGER
Honorable Oliver W. Wanger
UNITED STATES DISTRICT JUDGE

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED: January 17, 2008        LAW OFFICES OF ALLEN & MARLES, APLC

By:   /s/ Justin Thomas Allen
        JUSTIN THOMAS ALLEN

Attorneys for Plaintiff
BLAKE SMITH

| | |
|---|---|
| DATED: January 25, 2008 | J. AL LATHAM, JR.<br>CHRISTOPHER M. BISSONNETTE<br>PAUL, HASTINGS, JANOFSKY & WALKER LLP |

By: /s/ Christopher M. Bissonnette
    CHRISTOPHER M. BISSONNETTE

Attorneys for Defendants
PACIFIC BELL TELEPHONE COMPANY, AT&T COMMUNICATIONS OF CALIFORNIA, INC., SBC TELECOM, INC., SHANE SPENCER AND ALAN BROWN

| | |
|---|---|
| DATED: January 30, 2008 | DAVID A. ROSENFELD<br>CAREN P. SENCER<br>WEINBERG ROGER & ROSENFELD |

By: /s/ David A. Rosenfeld
    DAVID A. ROSENFELD

Attorneys for Defendants
COMMUNICATIONS WORKERS OF AMERICA DISTRICT 9 UNION AFL-CIO

| | |
|---|---|
| DATED: January 30, 2008 | STEVEN J. JOFFE<br>CRAIG C. HUNTER<br>WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP |

By: /s/ Steven J. Joffe
    STEVEN J. JOFFE

Attorneys for Defendants
COMMUNICATIONS WORKERS OF AMERICA DISTRICT 9 UNION AFL-CIO

| | |
|---|---|
| DATED: January 30, 2008 | BARRY J. BENNETT<br>BENNETT & SHARPE |

By: /s/ Barry J. Bennett
    BARRY J. BENNETT

Attorneys for Defendants
COMMUNICATIONS WORKERS OF AMERICA DISTRICT 9333 Union, AFL-CIO

PDF created with pdfFactory trial version www.pdffactory.com

# **EXHIBIT A**

## **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I have been designated as a person who may have access to information designated as "CONFIDENTIAL" as that term is defined in the Protective Order dated _____, 2008 in the action entitled *Smith v. Pacific Bell Telephone Company, et al.*, Case No. 1:06-CV-01756 OWW-LJO.  Having read that Protective Order, I agree to comply fully with it and to be bound by its terms with respect to all information designated "CONFIDENTIAL" as defined therein.  I agree to maintain such information in strict confidence and not to disclose such information to any other person, or make use of such information, except in accordance with the terms of the Protective Order.

I agree to, and hereby do, submit myself to the jurisdiction of the United States District Court for the Eastern District of California, for the purpose of enforcement of the terms of the Protective Order.  I understand that any violation of the Protective Order is punishable by the contempt powers of the Court and that such punishment may include imposition of a fine in the amount of the damages sustained by my violation and an award of costs and attorneys' fees.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed at _____ (location) on _____ (date).

_____
(signature)

Print name and address:

_____

_____

_____

LEGAL_US_W # 57866844.2

EXHIBIT A:  ACKNOWLEDGMENT
AND AGREEMENT TO BE BOUND

PDF created with pdfFactory trial version www.pdffactory.com