UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLAKE SMITH,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>PACIFIC BELL TELEPHONE<br>COMPANY, et al.,<br><br>　　　　　　Defendants. | 1:07cv1756 OWW DLB<br><br>ORDER GRANTING IN PART AND<br>DENYING IN PART PLAINTIFF'S<br>MOTION TO COMPEL<br><br>(Document 56) |

Plaintiff Blake Smith ("Plaintiff") filed the instant motion to compel on January 3, 2008. The matter was heard on February 8, 2008, before the Honorable Dennis L. Beck, United States Magistrate Judge. Justin Allen appeared on behalf of Plaintiff. Christopher Bissonnette appeared on behalf of Defendants Pacific Bell Telephone Company, Inc., AT&T Communications of California, Inc., SBC Telecom, Inc., Shane Spencer and Alan Brown.

**BACKGROUND**

Plaintiff filed this wrongful termination action on December 6, 2006. According to the complaint, Plaintiff was a cable locator for Defendant Pacific Bell Telephone Company ("Pacific Bell") from September 1997, through November 22, 2005, when he was terminated following an investigation into the theft of his work truck. Plaintiff contends that his keys fell behind his truck and that the GPS technology used by Pacific Bell to determine that he was lying was inaccurate. Pacific Bell maintains that Plaintiff was terminated for failing to safeguard Company assets and

1

lying about leaving his keys in his work truck.  It based this decision, at least in part, on GPS data, which it contends demonstrated that Plaintiff's truck was idling at the time it was stolen.[1]

Pacific Bell and Defendants Communications Workers of America Local 9333 Union AFL-CIO and Communication Workers of America District 9 Union AFL-CIO ("Unions") are parties to a collective bargaining agreement that contains a mandatory grievance and arbitration procedure.  Following Plaintiff's termination, Local 9333 filed a grievance on his behalf but District 9 later determined that it lacked merit and withdrew the grievance before arbitration.

Plaintiff believes that he was terminated because he complained about substandard and dangerous working conditions.

After granting Defendants' motion to dismiss based on preemption, the following causes of action remain: (1) breach of written contract; (2) fraud; (3) breach of the duty of fair representation; and (4) defamation by slander.  Plaintiff also names his supervisors, Shane Spencer and Alan Brown, as Defendants.

Defendants filed motions for summary judgment in December 2007, which are currently set for hearing on March 17, 2008.

Plaintiff filed the instant motion on January 3, 2008.  The parties filed a joint statement on February 4, 2008.

On February 1, 2008, the parties submitted a stipulation to dismiss Defendants AT&T Communications of California, Inc. and SBC Telecom, Inc.

## **DISCUSSION**

Federal Rule of Civil Procedure 26(b)(1) provides that a party "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party,

---

[1] Pacific Bell's belief that Plaintiff misrepresented the facts is based in part on its evaluation of a GPS report showing that at the time of the October 17, 2005, theft, Plaintiff's vehicle was idling.

According to the Declaration of Steve Larson filed in support of Pacific Bell's motion for summary judgment, the reports generated by the @road systems web-based tool report (1) the time and location of every vehicle each time the ignition is turned on and off; (2) the time and location of the vehicle every seven minutes; (3) the time and location of the vehicle every one mile driven; and (4) the time and location of the vehicle the first time the vehicle reaches 20 miles per hour after the ignition is initially turned on.  For example, if a vehicle travels at 60 mph, its location will be reported every minute.  If the vehicle is parked but idling, its location will only be reported every seven minutes.

including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter."

**DISCOVERY AT ISSUE**

Plaintiff's motion focuses on four requests for production of documents served on Pacific Bell- numbers 14, 16, 20 and 21. Number 21 has been resolved.

A. <u>Request Number 14</u>

In Request Number 14, Plaintiff seeks to conduct an independent analysis on the actual @road engine system hardware and software from the SBC truck he was driving on the date of the incident. Defendants object to this request because they believe that information gathered years after the incident could not possibly lead to relevant information since such information would not show how the system functioned in 2005. Defendants also point to the burden of pulling a vehicle out of service to allow Plaintiff to conduct his test.

Plaintiff argues that he should be allowed to conduct his own testing to determine whether the system was accurate in the given areas. Although Defendant Brown conducted a test of the system two weeks after the incident, Plaintiff maintains that this test is not reliable because an independent expert did not interpret the underlying electronic data.[2]

The Court recognizes that there are numerous variables involved in recreating the circumstances under which the incident occurred. However, given that the underlying electronic data is no longer available for expert comparison, and that part of Plaintiff's claim is that Defendants acted unreasonably in not obtaining an independent analysis, Plaintiff is entitled to conduct the analysis. As discussed at the hearing, testing may reveal information that could be informative to both parties, such as the accuracy of the transmission of the underlying data. Additional testing will also provide experts with a basis on which to test the conversion of the underlying data.

---

[2] At the hearing, Defendants' counsel explained that certain raw data collected by the GPS system is transmitted back to @road, which then prepares a report. Defendants receive the report from @road in the form of an Excel spreadsheet.

3

1    Additionally, while the probative value may be small, allowing Plaintiff to conduct the
2 analysis will not be burdensome for Defendants.  Plaintiff believes that the test will require the
3 use of the truck for only one to one-and-one-half hours.
4    Accordingly, the Court GRANTS Plaintiff's motion as to Request Number 14.
5 B.    Requests Numbers 16 and 17
6    In Request Number 16, Plaintiff seeks the GPS reports for all other drivers for the two
7 week period prior to the October 17, 2005, incident, with names redacted.  Similarly, in Request
8 Number 17, he seeks all @road system reports for all service technicians working at the Turlock
9 SBC yard from the date of installation of the system to October 17, 2005.  Plaintiff believes that
10 this information is necessary because Pacific Bell and the Union purportedly relied upon a
11 comparison of three other drivers' data in their decision to terminate Plaintiff.  For example,
12 Plaintiff believes this information will allow him to examine accuracy by comparing the idle
13 times with times indicated in the work orders.  Defendants, however, assert that the driver reports
14 were produced to the Union during the grievance process, almost one year after Plaintiff's
15 termination.
16    It appears that the focus of Plaintiff's inquiry is whether the GPS system accurately
17 reports when the vehicle is idling and when the vehicle is turned on and off.  Plaintiff already has
18 the spreadsheets that the Union examined, which include idling and on/off times, but not the
19 underlying electronic data.
20    At this time, the Court finds that the requested information is not relevant.  The reliability
21 of comparing the times in the spreadsheets with the drivers' self-reports of their actions is
22 questionable, at best.  Additionally, a comparison would likely subject the drivers to depositions,
23 which would be an enormous burden on Defendants.  Therefore, Plaintiff's motion as to
24 Requests Numbers 16 and 17 is DENIED WITHOUT PREJUDICE.
25    IT IS SO ORDERED.
26    **Dated:   February 25, 2008**          **/s/ Dennis L. Beck**
             UNITED STATES MAGISTRATE JUDGE
27
28